## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          CASE NO. 8:17-CR-283-T-24JSS

vs.

BRANDON RUSSELL,

        Defendant.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, BRANDON RUSSELL, respectfully files this sentencing memorandum and requests consideration for the imposition of a lenient sentence. Beyond its contents, the Defendant looks forward to the opportunity to set forth additional information at his sentencing hearing.

On September 27, 2017 the defendant entered open guilty pleas to a two count indictment, charging him with possession of an unregistered destructive device, in violation of 18 U.S.C. §§ 5861(d) and 5871, and unlawful storage of explosive material in violaion of 18 U.S.C. §§ 842(j) and 844(n). The charges to which the Defendant pleaded Guilty are punishable by 0 to 10 years, and 0 to 1 year imprisonment, respectively. There is also the legal potential for a fine, as well as a special assessment. The Guideline range, as calculated by the United States Probation Office, is 24 – 30 months.

Pursuant to controlling legal authority, the Defendant has the opportunity to present factual information to assist the Court in making a sentencing determination, pursuant to Title 18 U.S.C. § 3553, as well as United States vs. Booker, 543 U.S. 220 (2005). This Sentencing

1

Memorandum is being filed pursuant to Rule 32 of the Federal Rules of Criminal Procedure, U.S.S.G. § 6B1.4, 18 U.S.C. § 3553(a) and § 3661.   The Defendant, Brandon Russell, is requesting that this Court consider all materials contained within, and after computing an Advisory Guideline range, fashion an appropriate and reasonable sentence which is sufficient but not greater than necessary to meet the goals of sentencing, as outlined in 18 U.S.C. § 3553(a).

## I.   <u>INTRODUCTION</u>

As an initial matter, the Defendant acknowledges that he has pleaded guilty to the instant offense.  The Defendant is facing a recommended Guideline sentence of between 24 – 30 months imprisonment. Facing this substantial sentence, the Defendant has had much time to reflect on his actions and is dedicated to emerging from this situation a stronger person.  As a 22 year-old former college student and member of the armed forces, the defendant has seen the future he once hoped for evaporate before his eyes.  He has accepted responsibility for his offenses, and looks forward to serving his sentence and attempting to move forward with a productive and law abiding life.  The letters of support filed on the defendant's behalf demonstrate his exceptional potential to contribute to society in a positive way once his underlying problems have been addressed.  To that end, the defendant is amenable to any and all treatment, above and beyond whatever sentence of imprisonment is imposed, as the Court deems appropriate.  He has learned more in this past year than in his prior twenty-one years combined; and has demonstrated both remorse and a desire to change.

The Defendant recognizes that his offense is serious and requires the appropriate attention of this Court. The Defendant in no way seeks to minimize his conduct, but submits this Memorandum solely in support of his request that his sentence is no greater than necessary to achieve the goals of sentencing under § 3553(a).

2

In the instant case, as to this specific defendant, mitigating factors exist demonstrating that a penalty of 24 – 30 months imprisonment is in conflict with the sentencing mandate under 18 U.S.C. § 3553(a), which requires this Court to impose a sentence that is "sufficient, but not greater than necessary to achieve the goals of sentencing." Mitigating factors that this Court should take into consideration under § 3553(a) include: (1) the Defendant's lack of any prior criminal history, (2) the Defendant's age, and (3) the fact that a more lenient sentence is sufficient to deter future criminal conduct. These factors all combine to demonstrate that a sentence of 24 – 30 months imprisonment is beyond what is necessary to achieve the goals of sentencing under § 3553(a)(2).

## II.    THE KINDS OF SENTENCES AVAILABLE

This Court has been charged by Congress to impose a sentence which, in its judgment, is sufficient but not greater than necessary to meet the goals of sentencing. Because the Guidelines are no longer mandatory, the sentences which the Court may consider include, on the low end, probation to, on the high end, the statutory maximum of eleven (11) years imprisonment.

## III.    THE "ADVISORY" GUIDELINE RANGE WHICH THE COURT MUST "CONSIDER"

Although this Court is no longer required (barring a departure) to impose sentence within the correctly-calculated guideline sentencing range, 18 U.S.C. § 3553(a)(4)(A) still requires the Court to calculate and then "consider" that range. The parties are in agreement that the guideline range, as outlined in the Presentence Investigation Report, has been correctly calculated.

While the parties are in agreement that the correctly-calculated guideline sentencing range in this case is 24 – 30 months, the defense would argue that a sentence below the correctly-calculated guideline range is more appropriate.

3

**IV.**   **THE DEFENDANT REQUESTS A DOWNWARD VARIANCE OR DEPARTURE BASED UPON THE FACT THAT HE IS A FIRST TIME OFFENDER WITH NO PRIOR CRIMINAL HISTORY.**

**A.**   **A prison sentence is more significant for a first time offender; therefore a below guideline sentence is more just.**

Brandon Russell stands before this Court with absolutely no criminal history. Despite the significance of the crimes for which the defendant has been convicted, it is appropriate for this Court to take into consideration the fact that Mr. Russell has no criminal history, and that this will be his first and only criminal conviction. **Regardless of what sentence is imposed, the defendant has become a convicted felon as a result of his offense; a burden he will bear for the rest of his life**. Courts have taken this factor into consideration, in sentencing a first-time offender to a below guideline sentence. *See, e.g.*, U.S. v. Paul, 2007 WL 2384234 (9th Cir. Aug. 17, 2017) (unpub.) (holding that a within guideline sentence of 16 months for taking government money was unreasonably high, in part because Paul was "a first-time offender with absolutely no criminal record whatsoever"); U.S. v. Baker, 445 F.3d 987 (7th Cir. 2006) (affirming a below guideline sentence of 78 months where guidelines called for 108 months, noting that "significant is the district court's finding that a prison term would mean more to Mr. Baker than to a defendant who previously had been imprisoned. Consideration of this factor is consistent with § 3553's directive that the sentence reflect the need for 'just punishment,' *id.* § 3553(a)(2)(A), and 'adequate deterrence,' *id.* § 3553(a)(2)(B)"). Because any prison sentence is more significant for a first time offender, a below guideline sentence is appropriate. ANY sentence imposed by this Court will serve as both punishment and a deterrent to future criminal activity. Therefore, a downward variance or departure is warranted.

**B.**   **Imprisonment is inappropriate for a non-violent first offender.**

Congress in 28 U.S.C. § 994(j) stressed "the general appropriateness of imposing a

4

sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense." *See, e.g.*, <u>U.S. v Polito</u>, 215 Fed.Appx. 354, 2007 WL 313463 (5th Cir. Jan. 31, 2007) (unpub.) (where defendant was convicted of possession of child pornography and guidelines called for a sentence of 27-33 months, district court's sentence of probation with one year of house arrest was reasonable in part because it was a first offense).

## V.    THE DEFENDANT REQUESTS A DOWNWARD DEPARTURE OR VARIANCE BASED UPON HIS AGE

The defendant is youthful, and of an immature mental age. The Court should consider this in determining a sentence which is sufficient, but no greater than necessary to achieve the goals of sentencing. Courts have held that a defendant's youth and immaturity may be considered for purposes of sentencing mitigation. *See* <u>Roper v. Simmons</u>, 125  S.Ct. 1183 (2005)  ("today our society views juveniles, in the words *Atkins* used respecting the mentally retarded, as "categorically less culpable than the average criminal.... [a] lack of maturity and an underdeveloped sense of responsibility are found in youth more often than in adults and are more understandable among the young. These qualities often result in impetuous and ill-considered actions and decisions.... The susceptibility of juveniles to immature and irresponsible behavior means "their irresponsible conduct is not as morally reprehensible as that of an adult.... [t]he relevance of youth as a mitigating factor derives from the fact that the signature qualities of youth are transient; as individuals mature, the impetuousness and recklessness that may dominate in younger years can subside.");  <u>U.S. v Polito</u>, (5th Cir. Jan. 31, 2007 No. 06-30133) 2007 WL 313463  (unpub.) (where defendant convicted of possession of child pornography and guidelines 27-33 months, district court's sentence of probation with one year house arrest reasonable in part because defendant was 18 at time of the offense "and very immature...and his age and mental

GOLDSTEIN & JETTE, P.A. • CLEARLAKE PLAZA • 500 SOUTH AUSTRALIAN AVENUE, SUITE 720 • WEST PALM BEACH, FLORIDA 33401 • TEL: (561) 659-0202

condition prohibited him from acting rationally"); <u>U.S. v. Naylor</u>**,** 359 F.Supp.2d 521 (W.D. Va. 2005) (citing <u>Roper v. Simmons</u>; district court reduces career offender sentence from 188 to 120 months because district court discounts the defendant's prior convictions for robberies committed during one six week period as a juvenile and reduces defendant' career offender sentence to 10 years,  based also on his youth at the time of priors and fact that priors barely qualified and that sentence is "a reasonable sentence ... within the sentencing range had he not been determined to be a career offender."   "Juveniles have an underdeveloped sense of responsibility, are more vulnerable to negative influences and peer pressure, and their character is not as well formed as an adult's."); <u>U.S. v. Allen</u>, 250 F.Supp.2d 317 (SDNY 2003) (defendant convicted of drugs and guns was entitled to an 8 level departure because of his mental immaturity.  Even though defendant was 21 he behaved like 14 year-old, and psychological problems and mild retardation take case out of heartland of drug and gun cases).

## VI.   <u>DETERRANCE</u>

There are two major purposes of deterrence.  The first is to ensure that the sentence imposed sufficiently deters this Defendant from similar conduct in the future.  The second is deterring others from becoming involved in a similar crime in the future.  This is known as "general deterrence."

Certainty of punishment serves as a general deterrent effect far more than its severity. ***General deterrence is served (beyond whether the sentence is a few years or months more harsh or more lenient) because it is known to others that this Defendant, and those similarly situated, are jailed, separated, and held in places that are mostly inaccessible to their loved ones.  This is an extraordinarily great penalty.***

While some believe the higher the sentence the greater the effect in deterring others,

6

empirical research shows no relationship between sentence length and deterrence.  *Deterrence in Criminal Justice-Evaluating Certainty vs. Severity of Punishment*, November 2010, The Sentencing Project.[1]

> Existing evidence does not support any significant public safety benefit of the practice of increasing the severity of sentences by imposing longer prison terms. In fact, research findings imply that increasingly lengthy prison terms are counterproductive.  Overall, the evidence indicates that the deterrent effect of lengthy prison sentences would not be substantially diminished if punishments were reduced from their current levels.

The research finding is that "deterrence works," but only in the sense that there is less crime with a criminal justice system than there would be without one.  But the question for Your Honor is also "marginal deterrence," *i.e.*, whether any particular additional quantum of punishment will result in increased deterrence and thus decreased crime.

## VII.   <u>CONCLUSION</u>

The Defendant pled guilty, and acknowledges his guilt.  The Defendant respectfully provides this additional texture and sets forth in this memorandum issues that may suggest mitigation of punishment that surround his criminal conduct.  Under separate cover, defendant will file letters from numerous friends and relatives, in an attempt to give the Court a deeper insight into who this defendant is as a person, beyond his instant conduct.

WHEREFORE, the Defendant respectfully files this sentencing memorandum in support of his request for a more lenient sentence, a downward departure, and/or a variance.

---

[1]   That 2010 paper relies upon an extraordinary number of studies of recidivism by, (1) the U.S. Department of Justice, (2) well respected journals, (3) the Center for Economic and Policy Research, as well as, (4) conclusions reached by Steve Aos, Marna Miller, and Elizabeth Drake, "Evidence-Based Public Policy Options to Reduce Future Prison Construction, Criminal Justice Costs, and Crime Rates," Olympia: Washington State Institute for Public Policy, 2006.

7

## <u>CERTIFICATE OF SERVICE AND FILING</u>

I HEREBY CERTIFY that this Sentencing Memorandum has been electronically filed and served on all parties via CM/ECF on the 2nd day of January, 2018.

GOLDSTEIN & JETTE, P.A.
Attorneys for Defendant Brandon Russell
500 South Australian Avenue, Ste. 720
West Palm Beach, Florida 33401
Tel: (561) 659-0202
Fax: (561) 659-0133
Email: ijg@goldsteinjette.com

/s/ Ian J. Goldstein
IAN J. GOLDSTEIN, ESQUIRE
Florida Bar Number 0085219

8